UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BEN P. CHAVEZ,
   Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
   Defendant.

Case No. 1:14-cv-532
Dlott, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security (Commissioner) that plaintiff is not entitled to a waiver of liability for overpaid disability insurance benefits in the amount of $48,201.00. This matter is before the Court on plaintiff's motion for a waiver (Doc. 15), the Commissioner's response in opposition (Doc. 16), and plaintiff's reply memorandum (Doc. 19).

I. Background

On April 17, 2006, plaintiff was awarded disability insurance benefits. (Tr. 12, 21). On July 30, 2011, the Social Security Administration notified plaintiff that he received overpaid disability payments from March 2008 to March 2010 in the amount of $48,044.00.[1] Plaintiff filed a Request for Waiver of Overpayment Recovery or Change in Repayment Rate on February 25, 2011, claiming that "[t]he overpayment was not [his] fault and [he] cannot afford to pay the money back and/or it is unfair for some other reasons." (Tr. 66).

Plaintiff's application for waiver of overpayment was denied initially and upon reconsideration. (Tr. 90-91, 107-08). Plaintiff requested and was granted a hearing before an administrative law judge (ALJ) which was held on October 16, 2012. (Tr. 168-90). On

---

[1] Both the Commissioner and the Administrative Law Judge whose decision is under review state that the notification informed plaintiff "that he was overpaid [benefits] in the amount of $48,201.00 from March 1, 2008 [through] March 31, 2010." See Doc. 16 at 1, Tr. 12. However, the notice from the Social Security Administration to plaintiff indicates the amount of the overpayment is $48,044.00. (Tr. 85).

November 9, 2012, ALJ W. Howard O'Bryan Jr. issued a decision denying plaintiff's request for waiver of overpayment. (Tr. 12-14). Plaintiff's request for review by the Appeals Council was denied (Tr. 5-7), making the decision of the ALJ the final administrative decision of the Commissioner.

## II.     Standard of Review

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance. . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

The ALJ's findings "are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). "Even if the evidence could also support another conclusion, the decision of the [ALJ] must stand if the evidence could reasonably support the conclusion reached." *Her v. Comm'r of Soc. Sec.*, 203

F.3d 388, 389-90 (6th Cir. 1997). The Court may not reverse a substantially supported decision even if it might have resolved the issue differently. *Young v. Sec'y of H.H.S.*, 925 F.2d 146, 147 (6th Cir. 1990) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam).

### III. Analysis

"Whenever the Commissioner of Social Security finds that more or less than the correct amount of payment has been made to any person under this subchapter, proper adjustment or recovery shall be made, under regulations prescribed by the Commissioner of Social Security. . . ." 42 U.S.C. § 404(a)(1). Repayment is mandatory except where an individual "is without fault" and where "recovery would defeat the purpose of [the Social Security Act] or would be against equity and good conscience." 42 U.S.C. § 404(b). *See also* 20 C.F.R. § 404.506(a); *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 391 (6th Cir. 2005). "The threshold issue is 'fault,' and [the Court's] review is limited to determining whether the [Commissioner's] decision on the 'fault' issue is supported by substantial evidence. 'The burden is upon the claimant to establish the negative prerequisite ('without fault'), before the [Commissioner] considers the second tier of the wavier statute.'" *Watson v. Sullivan*, 940 F.2d 168, 171 (6th Cir. 1991) (quoting *Viehman v. Schweiker*, 679 F.2d 223, 227 (11th Cir. 1982)).

With respect to determining "fault," the Social Security Regulations provide:

> Although the Administration may have been at fault in making the overpayment, that fact does not relieve the overpaid individual or any other individual from whom the Administration seeks to recover the overpayment from liability for repayment if such individual is not without fault. In determining whether an individual is at fault, the Social Security Administration will consider all pertinent circumstances, including the individual's age and intelligence, and any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) the individual has. What constitutes fault . . . on the part of the overpaid individual or on the part of **any** other individual from whom the Administration seeks to recover the overpayment depends upon whether the facts

3

show that the incorrect payment to the individual or to a provider of services or other person, or an incorrect payment made under section 1814(e) of the Act, resulted from:

(a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or

(b) Failure to furnish information which he knew or should have known to be material; or

(c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 C.F.R. § 404.507. It is not required to show that the claimant acted in bad faith; "rather, an honest mistake may be sufficient to constitute fault." *Center v. Schweiker*, 704 F.2d 678, 680 (2d Cir. 1983) (citing *Morgan v. Finch*, 423 F.2d 551, 553 (6th Cir. 1970)).

Plaintiff does not dispute that the Social Security Administration overpaid him disability insurance benefits. Rather, he contends that he was not at fault for the overpayment. *See* Docs. 15, 19. *See also* Tr. 177-85 (plaintiff testified that he was aware that the Social Security Administration was improperly issuing him disability insurance benefits checks). Accordingly, the issue before the Court is limited to whether the ALJ's determination that plaintiff was not entitled to a waiver for the overpaid benefits because he was at fault in causing the overpayment is supported by substantial evidence. *See* Tr. 14.

Plaintiff began receiving disability insurance payments on April 17, 2006. (Tr. 12, 21). Plaintiff testified that he qualified for disability insurance benefits because he fell off a ladder in April 2006 and fractured his lower limb, which precluded him from continuing his work as a truck driver. (Tr. 136). Plaintiff received disability benefit from April 2006 through March 2010. (Tr. 85). The record establishes, however, that plaintiff engaged in substantial gainful activity from 2006 through 2010. (Tr. 136). Specifically, plaintiff earned $31,599.40 in 2006;

4

$51,424.74 in 2007; $82,206.57 in 2008; $88,781.00 in 2009; and $78,142.71 in 2010. (*Id.*). The ALJ determined that plaintiff was at fault in causing the overpayment because: (1) plaintiff failed "to disclose that he had continued to engage in substantial gainful activity after" April 17, 2006; (2) when contacted by the Social Security Administration in September 2009 and instructed to report his earnings, plaintiff "greatly understated his earnings as approximately $1,000.00 per month"[2]; and (3) plaintiff "unfairly attempted to shift responsibility . . . to his ex-wife's receipt and use of benefits." (Tr. 14). The ALJ concluded that the sole cause of the overpayment was plaintiff's "failure to timely and correctly disclose his continued work activity and earnings at substantial gainful activity levels. . . ." (*Id.*).

Plaintiff argues that he is entitled to a waiver for the overpayment because he did not actually receive the disability benefits paid by the Social Security Administration. Plaintiff asserts that the benefits were deposited into a joint checking account that he shared with his wife, from whom he separated in July of 2008. Plaintiff claims that he did not have access to this money because his wife "put [it] into her own account." (Doc. 15 at 2). Plaintiff asserts that he telephoned the Social Security Administration in July 2008 that he no longer lived in Ohio and requested that the disability benefits payments be stopped. Plaintiff maintains that he made several more similar requests "to no avail." (*Id.*). Plaintiff represents that at some point he spoke to a Social Security Administration employee named Mrs. Radke and that she informed plaintiff that "all calls that were made throughout time were erased from the system." (*Id.*). Plaintiff states that he is currently repaying the overpaid benefits at a rate of $100.00 per month,

---

[2]The Social Security Administration sent a letter to plaintiff dated September 18, 2009, and directed him to complete a Work Activity Report. (Tr. 33). Plaintiff reported his earnings as approximately $1000.00 per week. (Tr. 38). The ALJ's mischaracterization of plaintiff's report is discussed *infra*.

5

but that he should not be required to make these payments because it was the Social Security Administration and not plaintiff who is at fault for the overpayments. (*Id.* at 3).

In response, the Commissioner argues that the ALJ's finding should be affirmed because plaintiff was not "without fault" in causing the overpayments within the meaning of the Social Security regulations. The Commissioner concedes that the ALJ erroneously stated that in September 2009 plaintiff understated his earnings as approximately $1,000 per "month" when plaintiff actually reported he earned approximately $1,000 per "week." However, the Commissioner contends that this was harmless error because there is substantial evidence supporting the ALJ's ultimate finding that plaintiff is not entitled to a waiver for the overpaid benefits. The Commissioner states that prior to plaintiff's September 25, 2009 work activity report, there is no evidence supporting plaintiff's claims that he reported his earnings to the Social Security Administration. Moreover, the Commissioner argues that even if plaintiff's testimony is taken as true, he is still not without fault because he knowingly accepted the incorrect disability benefits payments. The Commissioner asserts that regardless of plaintiff's assertions about his wife, the evidence of record establishes that plaintiff's Social Security benefit checks were deposited to a joint checking account to which plaintiff had access. According to the Commissioner, plaintiff's access to this account and his knowledge of the improper payments demonstrate that he is not "without fault" under the Social Security regulations and is therefore not entitled to a waiver of liability. (Doc. 16).

Plaintiff does not respond to any of the Commissioner's arguments in his reply brief. Rather, his reply memorandum is essentially a letter to the Court with attachments, which purportedly support his assertion that he was not at fault in causing the overpayment. *See* Doc.

19. These exhibits include: (1) fifteen months of bank records from plaintiff's joint checking account that he shared with his wife; (2) the transcript of his wife's deposition taken in connection with their divorce proceedings; (3) communications from plaintiff's divorce attorney and additional banking and financial documents; and (4) judicial orders and other filings and documents related to plaintiff's divorce proceedings. *See* Doc. 19, Exhs. 1-4.[3]

The Court finds that the ALJ's determination that plaintiff was not without fault in receiving the overpaid benefits is supported by substantial evidence. Plaintiff's application for Social Security benefits notified him of his obligation to report earnings to the Social Security Administration and that such reports could affect his eligibility for payments. *See* Tr. 16. The letter notifying plaintiff of his entitlement to disability benefits also informed him of the importance of reporting any changes in the circumstances upon which his disability was based, including work activity. *See* Tr. 22. However, there is nothing in the record showing that prior to September 25, 2009, plaintiff reported his earnings from employment to the Social Security Administration. While plaintiff testified that he called the Administration as early as April 2007 to report his earnings (Tr. 177), there is no evidence in the record supporting this testimony. Given plaintiff's failure to submit evidence showing that he was "without fault" for failing to report his earnings prior to September 25, 2009, the ALJ's determination that plaintiff was at fault and therefor liable for the overpayments is supported by substantial evidence. *See Craft v. Astrue*, No. 07-10824, 2008 WL 2622961, at *2 (E.D. Mich. July 2, 2008) (finding that

---

[3] As a general rule, a court cannot overturn an ALJ's decision based on evidence that was not in the record before the ALJ. *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 549 (6th Cir. 2002) (citing *Cotton v. Sullivan*, 2 F.3d 692, 695-96 (6th Cir. 1993)). The Court may "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" 42 U.S.C. § 405(g) (Sentence Six). Plaintiff has not established good cause for a remand of this matter under Sentence Six of § 405(g) for the purpose of considering this evidence. *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).

substantial evidence supported the ALJ's finding that the plaintiff was not "without fault" in accepting disability benefits overpayments and therefore not entitled to a waiver where there was no evidence supporting the plaintiff's testimony that she notified the Administration of a change in her work status). *See also Hooey v. Astrue*, No. 11-cv-2805, 2012 WL 5830402, at *5 (D. Minn. Oct. 12, 2012) (Report and Recommendation), *adopted*, 2012 WL 5833271 (D. Minn. Nov. 16, 2012) (the plaintiff's testimony alone was insufficient to establish that he was "without fault" in accepting overpayments of disability benefits); *Nnakwe v. Astrue*, No. 11-cv-2415, 2012 WL 3061505, at *3 (E.D.N.Y. July 26, 2012) (holding that pro se plaintiff was not entitled to waiver of liability for disability benefits overpayment where her testimony that she timely notified the Administration that she had returned to work was not supported by additional evidence).

To the extent the ALJ erred in finding that plaintiff underreported his earnings to the Social Security Administration in September 2009, the undersigned finds that this error was harmless. The ALJ gave several reasons in support of his determination that plaintiff was at fault in causing the overpayment and therefore not entitled to a waiver, including plaintiff's failure to disclose his earnings to the Administration prior to September 2009 and his attempt to shift responsibility to his wife. *See* Tr. 14. As stated above, the Court finds that plaintiff's failure to establish that he notified the Social Security Administration of his work activity prior to September 25, 2009, substantially supports the ALJ's finding that plaintiff was not "without fault" in receiving the overpayments. *Cf. Hassett v. Comm'r of Soc. Sec.*, No. 1:12-cv-419, 2013 WL 3834372, at *6 (W.D. Mich. July 24, 2013) (holding that the ALJ's finding that the plaintiff was not entitled to a waiver lacked substantial support where the plaintiff introduced

8

evidence showing that she promptly reported her earnings to the Social Security Administration). And although "the Administration was at fault in authorizing the overpayment" to plaintiff after September 25, 2009, "he was also at fault in accepting it." *Morgan*, 423 F.2d at 554. Nor does the Administration's fault relieve plaintiff from his liability for the overpayments. *Winceski v. Sullivan*, No C88-33, 1989 WL 281930, at * 2 (N.D. Ohio Nov. 21, 1989) (citing 20 C.F.R. § 404.507 and *Morgan*, 423 F.2d at 553). Plaintiff testified that he was aware that he was improperly receiving disability benefits throughout the relevant time period (Tr. 177-80); therefore, the Court cannot conclude that plaintiff was without fault in accepting the overpayment. Plaintiff further testified that his name was on the joint checking account where the benefit payments were sent. (Tr. 180). Although plaintiff testified that he did not use this account after 2008 (*id.*), he has not cited any record evidence establishing that he was unable to access the account. Given plaintiff's awareness of the overpayments and his ability to access this account, the Court finds that the evidence of record substantially supports the ALJ's determination that plaintiff is not entitled to a waiver of liability for the overpaid benefits.[4]

## IV. Conclusion

For the reasons stated herein, the undersigned recommends that the ALJ's decision be **AFFIRMED** and that this matter be closed on the docket of the Court.

Date: 4/14/2015

Karen L. Litkovitz
United States Magistrate Judge

---

[4] Plaintiff does not argue that this matter should be reversed because recovery would defeat the purpose of the Social Security Act or be against equity and good conscience. *See* 42 U.S.C. § 406(b). In consideration of the Court's findings that the ALJ's fault determination is supported by substantial evidence, it is unnecessary to consider the fairness or equity of requiring plaintiff to repay the overpaid benefits. *See Watson*, 940 F.2d at 171 (the burden is on the plaintiff to establish the negative prerequisite that he is without fault before the Commissioner considers the equity prong of the waiver statute) (citing *Viehman*, 679 F.2d at 227).

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BEN P. CHAVEZ,
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:14-cv-532
Dlott, J.
Litkovitz, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).